UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| WENJIU LIU,<br><br>             Plaintiff,<br><br>      vs.<br><br>COUNTY OF KAUAI,  KAUAI POLICE DEPARTMENT,  KAUAI OFFICE OF THE PROSECUTING ATTORNEY, HIRO SHIMADA, TODD G. RAYBUCK, SCOTT P. WILLIAMSON, CHRISTIAN JENKINS, GINNY PIA, DAVID C. LOOS,<br><br>             Defendants. | CIV. NO. 22-00269 LEK-WRP |

**ORDER: GRANTING THE COUNTY DEFENDANTS'MOTION TO
DISMISS PLAINTIFF'S COMPLAINT FILED ON JUNE 13, 2022
[ECF 1]; AND GRANTING IN PART AND DENYING IN
PART THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FILED ON JUNE 13, 2022 [ECF 1]**

On June 29, 2022, Defendants County of Kaua`i ("the

County"), Kaua`i Police Department ("KPD"), and Kaua`i Office of

the Prosecuting Attorney ("KOPA" and collectively "County

Defendants") filed their Motion to Dismiss Plaintiff's Complaint

Filed on June 13, 2022 [ECF No. 1] ("County Motion").  [Dkt.

no. 6.]  Also on June 29, 2022, Defendants Hiro Shimada

("Shimada"), Todd G. Raybuck ("Raybuck"), Scott P. Williamson

("Williamson"), Christian Jenkins ("Jenkins"), Ginny Pia

("Pia"), and David C. Loos ("Loos" and collectively "Individual

Defendants") filed their Motion to Dismiss Plaintiff's Complaint

Filed on June 13, 2022 [ECF No. 1] ("Individual Defendants'
Motion"). [Dkt. no. 7.] Pro se Plaintiff Wenjiu Liu ("Liu")
filed an opposition to both motions on August 26, 2022. [Dkt.
no. 11.] The Individual Defendants and the County Defendants
(collectively "Defendants") filed their respective replies on
September 1, 2022. [Dkt. nos. 12, 13.] The Court finds these
matters suitable for disposition without a hearing pursuant to
Rule LR7.1(c) of the Local Rules of Practice for the United
States District Court for the District of Hawaii ("Local
Rules"). On September 12, 2022, an entering order was issued
informing the parties of the Court's ruling on the County Motion
and Individual Defendants' Motion. [Dkt. no. 14.] The instant
Order supersedes that entering order. For the reasons set forth
below, the County Motion is hereby granted, and the Individual
Defendants' Motion is granted in part and denied in part.

## BACKGROUND

On April 18, 2021, "Liu visited Larsen's Beach on the
North Shore of Kauai." [Complaint, filed 6/13/22 (dkt. no. 1)
at ¶ 44.] Liu was allegedly attacked by three individuals and
Liu called 911 nineteen times. Liu asserts KPD Officer Aaron E.
Bandmann ("Bandmann") refused to assist him, although Bandmann
was in his patrol car which was a five-minute walk from the
beach where the attack occurred. Liu alleges he told Bandmann
that two of the attackers were still on the beach, but Bandmann

2

refused to investigate.  [Id.]  On March 12, 2021, Liu filed a complaint with KPD against Bandmann.  Liu spoke with a KPD senior officer ("A.B."), and A.B. informed Liu that Bandmann would not be disciplined.  [Id. at ¶ 45.]  Liu received a letter, signed by Williamson, regarding the decision to not discipline Bandmann and the letter was signed by Williamson. [Id.]  Williamson is a member of KPD's Office of Professional Standards.  [Id. at ¶ 6.]

On June 13, 2021, Liu was at Poipu Beach when two large groups of tourists approached the turtles on the beach. Liu informed the groups to stay ten to fifteen feet away from the turtles and to refrain from using flashlights on the turtles.  One member of the second group attempted to seize Liu's phone.  Liu called 911 and two police officers - Shimada and Kelvin Villanueva ("Villanueva") - arrived at the scene. Liu asserts Shimada and Villanueva flashed their flashlights on the turtles, failed to stop the tourists from harassing the turtles, and took no action against the person who tried to take Liu's phone.  [Id. at ¶¶ 23-27.]  After Liu told Shimada and Villanueva "they should get more education on turtle protection laws[,]" they became "visibly angry at Liu."  [Id. at ¶ 29.] Liu left the beach in his car, and he was subsequently pulled over by Shimada and Villanueva.  Liu called 911 multiple times while he was pulled over.  See id. at ¶¶ 34, 39.  After

realizing that the traffic stop was being recorded by the 911 phone call, Shimada allegedly "dragged Liu out of Liu's car, stating that Liu was abusing 911." [Id. at ¶ 39.] Shimada handcuffed Liu and placed him in a police van and took him to KPD headquarters. Liu alleges he posted bail and returned home later that same day. [Id. at ¶¶ 40-42.]

The next day, "Liu went to KPD Chief's Office to discuss Shimada's illegal retaliation actions." [Id. at ¶ 43.] A.B. allegedly told Liu that Liu "'[did] not have law enforcement power[.]'" [Id.] Liu subsequently wrote two letters addressed to Raybuck, KPD's Chief of Police, and Liu personally delivered the letters to Raybuck's office. Liu received confirmation that the letters were received. [Id. at ¶ 47.] Liu also visited the Kauai Mayor's office, and he was "introduced to [the] Kauai Police Commission." [Id. at ¶ 48.] Liu states he spoke about his two filed complaints and gave testimony against KPD during two Kauai Police Commission open meetings. See id. at ¶¶ 49, 51.

On October 5, 2021, Liu was informed that his complaints against Shimada and Bandmann were denied. [Id. at ¶ 54.] Liu was charged with misuse of 911 emergency telephone service. [Id. at ¶ 58.] Liu alleges Loos, an attorney with the KOPA, filed a motion "full of lies asking the Judge not to throw out" the criminal case against Liu. [Id. at ¶¶ 62, 68.]

4

Liu alleges the following claims: (1) Defendants violated Liu's First Amendment rights under the United States Constitution, pursuant to 42 U.S.C. § 1983 ("Count I"); (2) Defendants conspired to violate Liu's civil rights in violation of § 1983 and 42 U.S.C. § 1985 ("Count II"); (3) a malicious prosecution claim against the County, KPD, Raybuck, Jenkins, Pia, Shimada, and Loos ("Count III"); (4) Raybuck, the County, and KPD were negligent in supervising and/or retaining its employees ("Count IV"); (5) an intentional infliction of emotional distress claim against Defendants ("IIED" and "Count V"); (6) a negligent infliction of emotional distress claim against Defendants ("NIED" and "Count VI"); and (7) Defendants violated Liu's rights under the Constitution of the State of Hawai`i ("Count VII"). Liu brings his claims against the Individual Defendants in their official and individual capacities. See id. at ¶ 12. Defendants seek dismissal on the ground that Liu has not stated plausible claims upon which relief can be granted. The County Defendants do not state whether the dismissal should be with prejudice, but the Individual Defendants appear to seek dismissal with prejudice. See Individual Defendants' Motion at 5.

## DISCUSSION

**I.    County Motion**

The County Defendants argue the claims against the County, KPD, and KOPA are duplicative because claims against KPD and KOPA are effectively claims against the County.  See County Motion, Mem. in Supp. at 3.  The Court agrees.  This district court "has analyzed claims against municipalities . . . and their respective . . . departments . . . under the rubric of municipal liability, determining that such claims constitute claims against the [municipality] because the departments are not separate legal entities."  Black v. Correa, CV. No. 07-000299 DAE-LEK, 2007 WL 3195122, at *5 (D. Hawai`i Oct. 30, 2007) (collecting cases).  Accordingly, to the extent that Liu seeks to allege claims against KPD and KOPA, those claims are dismissed because they do not assert plausible claims that are separate from Liu's claims against the County.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).  The dismissal is with prejudice, *i.e.* without leave to amend, because no amendment could cure the defect in Liu's claims against KPD and KOPA.  See Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 854 (9th Cir. 2016) ("Unless it is absolutely clear

that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (alteration, citation, and internal quotation marks omitted)).

As to § 1983 claims asserted against the municipality itself, the Ninth Circuit has stated:

> A section 1983 plaintiff may establish municipal liability in one of three ways. First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737, 109 S. Ct. 2702, 2723, 105 L. Ed. 2d 598 (1989) (Jett) (internal quotation omitted); accord Monell [v. Dep't of Soc. Servs. of City of New York], 436 U.S. [658,] 690-91, 98 S. Ct. [2018,] 2035-36 [(1978)]. Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with "final policy-making authority" and that the challenged action itself thus constituted an act of official governmental policy. See Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81, 106 S. Ct. 1292, 1298-99, 89 L. Ed. 2d 452 (1986) (Pembaur). Whether a particular official has final policy-making authority is a question of state law. See Jett, 491 U.S. at 737, 109 S. Ct. at 2723; City of St. Louis v. Praprotnik, 485 U.S. 112, 123-24, 108 S. Ct. 915, 924, 99 L. Ed. 2d 107 (1988) (plurality opinion) (Praprotnik). Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. See Praprotnik, 485 U.S. at 127, 108 S. Ct. at 926.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (per curiam) (some citations omitted), *overruled on other grounds by* Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc).

A.   **Federal Civil Rights Claim - Count I**

Liu brings a claim for a violation of his First Amendment right to freedom of speech.  See Complaint at ¶¶ 77, 79.  Specifically, Liu alleges his "actions in educating [Shimada and Villanueva] of turtle protection law and reporting misconduct and violations of the law . . . constituted his exercise of his constitutionally protected interest in freedom of speech  . . . ."  [Id. at ¶ 77.]

Because Liu is proceeding pro se, his Complaint must be liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Even construing the Complaint liberally, Liu fails to allege the County has a formal policy or custom restricting individuals' freedom of speech.  Liu also does not allege that a final policymaker committed the alleged constitutional violation.  Finally, Liu fails to allege that a final policymaker ratified the alleged constitutional violation. Liu therefore fails to state a plausible claim that the County is liable for a deprivation of his right to freedom of speech. Liu's claim in Count I against the County is dismissed, but Liu

is granted leave to amend because amendment may cure the defects
in his claim.

### B.   __Conspiracy to Violate Civil Rights - Count II__

Count II alleges there was a conspiracy to commit the
violations of Liu's constitutional rights described in Count I.
Because Liu has not plausibly alleged a constitutional
violation, his conspiracy claim must fail.  See, e.g., Davis v.
Powell, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012) ("To state a
conspiracy claim under § 1983, a plaintiff must show (1) an
agreement between the defendants to deprive the plaintiff of a
constitutional right, (2) an overt act in furtherance of the
conspiracy, and (3) a constitutional deprivation." (some
citations omitted) (citing Gilbrook v. City of Westminster, 177
F.3d 839, 856–57 (9th Cir. 1999))).  Liu's claim against the
County in Count II is therefore dismissed.  The dismissal is
without prejudice, however, because amendment may cure the
claim's defect.

### C.   __Malicious Prosecution - Count III__

The County Defendants argue the Court should decline
to exercise supplemental jurisdiction over Liu's state law
claims if the federal claims are dismissed.  See County Motion,
Mem. in Supp. at 9–10.  "A district court's decision whether to
exercise [supplemental] jurisdiction after dismissing every
claim over which it had original jurisdiction is purely

discretionary." <u>Carlsbad Tech., Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 639 (2009) (some citations omitted) (citing 28 U.S.C. § 1367(c)).  Although the Court dismisses the federal claims, the Court, in its discretion, will exercise supplemental jurisdiction over the state law claims because Liu is proceeding pro se and many of the federal claims are dismissed without prejudice.

Liu alleges he was maliciously prosecuted when he was charged with misuse of the 911 emergency telephone service.  <u>See</u> Complaint at ¶¶ 57-58, 97.  The County Defendants contend Liu's malicious prosecution claim fails because he has not alleged that the criminal proceedings have been terminated in his favor. <u>See</u> County Motion, Mem. in Supp. at 6-7.

A malicious prosecution claim under Hawai`i law requires that "(1) the prior proceedings must have been terminated in the plaintiff's favor; (2) the prior proceedings must have been initiated without probable cause; and (3) the prior proceedings must have been initiated with malice." <u>Wong v. Cayetano</u>, 111 Hawai`i 462, 478, 143 P.3d 1, 17 (2006) (citation omitted).  Here, Liu does not allege that the prior proceedings have been terminated in his favor.  Although Liu argues that the charge against him has been dropped, <u>see</u> Mem. in Opp. at PageID #: 93-94, the Complaint does not contain this allegation.  This claim must therefore be dismissed, but because

amendment may cure its defect, Liu is granted leave to amend
this claim.

### D.    <u>Negligent Supervision or Retention - Count IV</u>

Liu does not explicitly allege whether this claim is
being brought pursuant to § 1983, but he does cite to Hawai`i
law.  <u>See</u> Complaint at ¶ 102.  Liberally construing this claim,
the Court addresses it under both § 1983 and Hawai`i law.

"[A] constitutional violation may arise from training
or supervision where the training or supervision is sufficiently
inadequate as to constitute 'deliberate indifference' to the
righ[t]s of persons with whom the police come into contact."
<u>Davis v. City of Ellensburg</u>, 869 F.2d 1230, 1235 (9th Cir. 1989)
(quoting <u>City of Canton v. Harris</u>, --- U.S. ----, 109 S. Ct.
1197, 103 L. Ed. 2d 412 (1989)).  "Mere negligence in training
or supervision, however, does not give rise to" municipal
liability.  <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th
Cir. 2011) (citation omitted).  Because Liu only alleges
Raybuck, KPD, and the County "were negligent in their
supervision and retention of Shimada," he has not plausibly
alleged they acted with deliberate indifference.  <u>See</u> Complaint
at ¶ 102.  To the extent that Liu alleges this claim under
§ 1983, Liu's claim fails and must be dismissed, but he is
granted leave to amend because amendment may cure the defects in
this claim.

Under Hawai`i law:

> "To state a claim for negligent supervision against an employer, a plaintiff must allege that an employee was 'acting outside the scope of [their] employment' when the harm was caused." [Ikeda v. City & Cnty. of Honolulu, Case No. 19-cv-00009-DKW-KJM, 2019 WL 4684455, at *11 (D. Hawai`i Sept. 25, 2019)] (alteration in Ikeda) (quoting Pulawa v. GTE Hawaiian Tel, 143 P.3d 1205, 1220 (Haw. 2006)).  In addition, a negligent supervision claim ultimately "require[s] the plaintiff to establish foreseeability, i.e., that 'the employer knew or should have known of the necessity and opportunity for exercising such control,'" as well as the elements of a traditional negligence claim.  Howard v. Hertz Corp., Civil No. 13-00645 SOM/KSC, 2014 WL 5431168, at *4 (D. Hawai`i Oct. 23, 2014) (some citations omitted) (quoting Abraham v. S.E. Onorato Garages, 50 Haw. 628, 639 (1968)).

Pollet v. Costco Whole Salers, CIV. NO. 19-00372 LEK-WRP, 2019 WL 4783100, at *4 (D. Hawai`i Sept. 30, 2019) (some alterations in Pollet) (footnote omitted).

Here, although Liu alleges "Raybuck had clear notice of Shimada's dangerousness," see Complaint at ¶ 103, Liu does not provide any non-conclusory factual allegations that, if proven, would support a finding of foreseeability.  As such, the claim must be dismissed but with leave to amend.

### E.   IIED - Count V

"[T]he tort of IIED consists of four elements: 1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused

4) extreme emotional distress to another."  Young v. Allstate
Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008)
(internal quotation marks and citation omitted).  "An IIED claim
'requires conduct exceeding all bounds usually tolerated by
decent society and which is of a nature especially calculated to
cause, and does cause, mental distress of a very serious kind.'"
You v. Longs Drugs Stores Cal., LLC, 937 F. Supp. 2d 1237, 1259-
60 (D. Hawai`i 2013) (quoting Hac v. Univ. of Haw., 102 Hawai`i
92, 106, 73 P.3d 46, 60 (2003)).

Liu generally alleges "[t]he actions of Defendants
. . . were intentional and unreasonable.  Defendants did or
should have realized that their actions would likely cause
emotional distress."  [Complaint at ¶ 107.]  He also makes the
conclusory allegation that Defendants' "conduct alleged herein
was malicious, reckless, beyond the bounds of conduct recognized
as appropriate by society, and extreme and outrageous . . . ."
[Id.]  Liu, however, does not sufficiently allege which acts,
and by whom, rose to that level.  Liu's claims against the
County Defendants in Count V are therefore dismissed, but with
leave to amend.

F.  **NIED - Count VI**

"The elements of a claim for negligent
infliction of emotional distress are: (1) that
the defendant engaged in negligent conduct;
(2) that the plaintiff suffered serious emotional
distress; and (3) that such negligent conduct of

13

> the defendant was a legal cause of the serious
> emotional distress." <u>Caraang v. PNC Mortg.</u>, 795
> F. Supp. 2d 1098, 1122 (D. Haw. 2011) (citing
> <u>Tran v. State Farm Mut. Auto. Ins. Co.</u>, 999 F.
> Supp. 1369, 1375 (D. Haw. 1998)).  Under Hawai`i
> law, a cognizable NIED claims also "requires
> physical injury to either a person or property."
> <u>Id.</u> (quoting <u>Calleon v. Miyagi</u>, 76 Hawai`i 310,
> 320, 876 P.2d 1278 (1994)); <u>Kaho`ohanohano v.
> Dep't of Human Serv.</u>, 117 Hawai`i 262, 306-07,
> 178 P.3d 538, 582-83 (2008) (citing <u>Doe Parents
> No. 1 v. Dep't of Educ.</u>, 100 Hawai`i 34, 69, 58
> P.3d 545, 580 (2002)) (holding that "the
> plaintiff must establish some predicate injury
> either to property or to another person in order
> himself or herself to recover for negligently
> inflicted emotional distress").

<u>Hamilton v. Lefkowitz</u>, CIVIL NO. 18-00501 JAO-WRP, 2019 WL
2583478, at *6 (D. Hawai`i June 24, 2019).

Liu's NIED claim fails for similar reasons as his IIED
claim.  Moreover, Liu does not allege he suffered physical
injury to either his person or property.  As such, this claim
must be dismissed as to the County Defendants, but Liu is
granted leave to amend.

### G.  <u>Violation of Hawai`i Constitution - Count VII</u>

Liu alleges Defendants violated his "rights secured to
him by the Constitution of the [S]tate of Hawai`i, including,
but not limited to, rights to freedom of speech, due process of
law, equal protection of the law, and the enjoyment of his civil
rights."  [Complaint at ¶ 117.]  To the extent that Liu brings
claims directly under the state constitution, this Court
"declines to infer or create such a cause of action," because

Liu "does not offer any legal authority that such an action is cognizable." See Gonzalez v. Okagawa, Civil No. 12-00368 RLP, 2013 WL 2423219, at *10 (D. Hawai`i June 4, 2013). This claim is dismissed as to the County Defendants and, because amendment cannot save the defect, the dismissal is with prejudice.

## II. Individual Defendants' Motion

Liu brings his claims against the Individual Defendants in their official and individual capacities. [Complaint at ¶ 12.] To the extent that Liu alleges his claims against the Individual Defendants in their official capacities, those claims are dismissed for the reasons discussed regarding the County Motion. See Monell, 436 U.S. at 690 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."). The claims against the Individual Defendants in their official capacities are dismissed with prejudice because no amendment can cure the defects.

### A. Federal Civil Rights Claim – Count I

Liu's allegations concerning the violation of his federal civil rights by the Individual Defendants in their official capacities are unclear. It appears, however, that he alleges First Amendment claims against Shimada, Raybuck, Williamson, Jenkins, and Pia. See Complaint at ¶¶ 77-79. As to Shimada, Liu alleges Shimada retaliated against him when Shimada

15

arrested him after he criticized Shimada's lack of knowledge about turtle protection laws.  See id. at ¶ 73.  Liu asserts Raybuck, Williamson, Jenkins, and Pia violated his First Amendment right when they denied his complaint.  See id. at ¶ 79.

"[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out."  Hartman v. Moore, 547 U.S. 250, 256 (2006) (citations omitted).

> To recover under § 1983 for such retaliation, a
> plaintiff must prove: (1) he engaged in
> constitutionally protected activity; (2) as a
> result, he was subjected to adverse action by the
> defendant that would chill a person of ordinary
> firmness from continuing to engage in the
> protected activity; and (3) there was a
> substantial causal relationship between the
> constitutionally protected activity and the
> adverse action. . . .

Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010) (footnote omitted).

Liu sufficiently alleges Shimada engaged Liu in a traffic stop which resulted in Liu's arrest because Liu criticized Shimada's lack of knowledge about turtle protection laws.  Liu alleges, in effect, that his arrest would not have happened but for the discussion on the beach regarding turtle protection laws.  See, e.g., Complaint at ¶¶ 29-31, 33-35.  The

Individual Defendants' Motion is denied insofar as it seeks dismissal of Count I against Shimada.

As to the First Amendment claims against Raybuck, Williamson, Jenkins, and Pia, Liu alleges his right to freedom of speech was violated because they denied the complaints he submitted to KPD and "execut[ed] the malicious prosecution [case] against Liu." [Id. at ¶ 79.]  Liu does not sufficiently allege how denying his KPD complaints violated his First Amendment right to freedom of speech.  Moreover, the allegations against Raybuck, Williamson, Jenkins, and Pia are too vague to determine their involvement in the alleged constitutional violation.  Accordingly, Count I is dismissed as to Raybuck, Williamson, Jenkins, and Pia, but Liu is granted leave to amend those portions of the claim.

## B.    Conspiracy to Violate Civil Rights – Count II

Although Liu alleges Raybuck, Jenkins, and Pia were involved in the investigation of Liu's KPD complaints against Shimada, he does not adequately allege how they were involved because he only makes conclusory allegations.  Thus, Liu fails to allege "an agreement or meeting of minds to violate [his] constitutional rights . . . ."  See Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989) (citation omitted).  This claim is therefore dismissed but with leave to amend.

### C. <u>Remaining Claims Against the Individual Defendants</u>

Liu's claims against the Individual Defendants in Counts III, IV, V, VI, and VII are dismissed with leave to amend, for the same reasons set forth as to Liu's claims against the County Defendants.  See *supra* Discussion Sections I.C-I.G.

### CONCLUSION

On the basis of the foregoing, the County Defendants' Motion to Dismiss Plaintiff's Complaint Filed on June 13, 2022 [ECF No. 1], filed June 29, 2022, is HEREBY GRANTED to the extent that: all claims against KPD and KOPA are DISMISSED WITH PREJUDICE; Liu's claim against the County in Count VII is DISMISSED WITH PREJUDICE; and all of Lui's other claims against the County are DISMISSED WITHOUT PREJUDICE, *i.e.*, with leave to amend.

The Individual Defendants' Motion to Dismiss Plaintiff's Complaint Filed on June 13, 2022 [ECF No. 1], filed June 29, 2022, is HEREBY GRANTED IN PART AND DENIED IN PART. The Individual Defendants' Motion is GRANTED to the extent that: Liu's claims against the Individual Defendants, in their official capacities, are DISMISSED WITH PREJUDICE; Liu's claims against the Individual Defendants, in their individual capacities, in Count VII is DISMISSED WITH PREJUDICE; Liu's claims against the Individual Defendants, in their individual capacities, in Counts II, III, IV, V, and VI are DISMISSED; and

18

Liu's claim against Raybuck, Williamson, Jenkins, Pia, and Loos, in their individual capacities, in Count I is DISMISSED.

The Individual Defendants' Motion is DENIED as to Lui's claim in Count I against Shimada, in his individual capacity.  The Individual Defendants' Motion is also DENIED to the extent that: the dismissal of Liu's claims against Raybuck, Williamson, Jenkins, Pia, and Loos, in their individual capacities, in Count I is WITHOUT PREJUDICE; and the dismissal of Liu's claims against the Individual Defendants, in their individual capacities, in Counts II, III, IV, V, and VI is WITHOUT PREJUDICE.

If Liu chooses to file an amended, he must do so by **January 30, 2023**.  Liu's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint.  He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint.

If Liu does not file an amended complaint, the case will proceed as to Liu's claim that survived dismissal.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WENJIU LIU VS. COUNTY OF KAUAI, ET AL; CV 22-00269 LEK-WRP; ORDER: GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED ON JUNE 13, 2022 [ECF 1]; AND GRANTING IN PART AND DENYING IN PART THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED ON JUNE 13, 2022 [ECF 1]**